IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Sheila Marie Robinson,              Case No. 19-22498-beh

        Debtor.                     Chapter 13

**DECISION AND ORDER DENYING DEBTOR'S REQUEST TO MODIFY CHAPTER 13 PLAN UNDER THE CARES ACT**

**FACTS**

The debtor, Ms. Robinson, filed her Chapter 13 petition and original proposed plan on March 27, 2019, providing for payments of $260 bi-weekly for 60 months. Doc. No. 2. The Trustee objected to confirmation on May 28, 2019, based on compliance with the requirements of 11 U.S.C. § 1325(a)(9). Doc. No. 14. The IRS filed an amended claim on July 22, 2019, which resolved the objection. Claim No. 6-3. On July 23, 2019, the debtor filed an amended Schedule E/F. Doc. No. 20. On August 7, 2019, the Trustee filed an objection to a late claim, in an amount of $9,712.00. Doc. No. 22. The Court disallowed the claim on September 24, 2019. Doc. No. 24. On December 26, 2019, the Trustee objected to confirmation based on feasibility. Doc. No. 26. The parties resolved the objection with debtor agreeing to file an amended plan by February 28, 2020. Doc. No. 29. On March 2, 2020, Ms. Robinson, filed her amended Chapter 13 plan, with an objection period that ran through March

23, 2020.[1] Doc. No. 31. The plan proposed paying $563.33 per month for six months beginning March 2020 and then $838.50 per month for the remainder of the plan. *Id.* Thereafter, on March 31, the Chapter 13 Trustee filed his recommendation for confirmation, and an order confirming the plan was signed the same day. Doc. Nos. 37, 38.

On August 7, 2020, Ms. Robinson submitted a request to modify her confirmed Chapter 13 plan. Doc. No. 42. She requested to extend her total plan length from 60 months to 84 months, pursuant to the temporary amendment to the Bankruptcy Code at 11 U.S.C. § 1329(d), made possible by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Ms. Robinson asserted that due to the COVID-19 pandemic and a pre-existing medical condition, her employer had required her to change workplace departments so that she would have a lesser risk of infection. As a result of the department change, she took a pay cut. The objection deadline for the modified plan ran on August 28, 2020, and on September 11, 2020, the Trustee submitted a proposed order for confirmation. Doc. No. 46. In reviewing for confirmation, the Court questioned the debtor's eligibility under the CARES Act timing requirement and scheduled a hearing for October 27, 2020.[2] Doc. No. 49. At the hearing, the Trustee orally objected to confirmation of the debtor's modified, extended plan.

---

[1] The debtor did not file her certificate of service of this modified plan until March 18, 2020, which caused further review by the Chapter 13 Trustee. *See* Trustee letter brief, Doc. No. 56.
[2] The Trustee withdrew the proposed order after the Court issued the notice of hearing, which outlined the reason for the hearing. *See* Doc. No. 52.

# DISCUSSION

Section 1113 of the CARES Act makes changes to the Bankruptcy Code, including by adding 11 U.S.C. § 1329(d), which provides in relevant part:

> . . . for a plan confirmed prior to the date of enactment of this subsection [March 27, 2020], the plan may be modified upon the request of the debtor if—(A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and (B) the modification is approved after notice and a hearing.

11 U.S.C. § 1329(d)(1). Qualifying plans modified under § 1329(d)(1) may be extended to a period of 84 months from the time that the first payment was due. § 1329(d)(2).[3]

The problem for Ms. Robinson arises from the fact that her plan originally was confirmed *after* the enactment of the CARES Act—four days after enactment. Her counsel argues that the debtor's amended plan was *confirmable* before the enactment of the CARES Act, and but for the administrative delay in submitting the confirmation order, she would have achieved plan confirmation before March 27, 2020. Doc. No. 55. The debtor argues that the statutory language produces a result here that is "at odds with the manifest intent of the legislature." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989); *Kelly v. Robinson,* 479 U.S. 36, 50 (1986); *Griffin v. Oceanic Contractors,*

---

[3] The CARES Act was signed into law on March 27, 2020 and became effective immediately. This amendment to the Bankruptcy Code is not permanent, rather, § 1329(d) will sunset one year from enactment, March 27, 2021. *See* CARES Act § 1113(b)(2)(A)(iii), (B).

*Inc.*, 458 U.S. 564, 571 (1982). Counsel asserts "[t]he debtor was clearly the type of individual that Congress intended to provide relief to, and it would be inequitable to deny her this relief due to a literal reading of the statutory language essentially putting form over function." *Id.*

In response, the Chapter 13 Trustee argues that the Code language is unambiguous. Doc. No. 56. Congress intended a strict cut-off to qualify for the extended period under § 1329(d) as provided by the CARES Act, and any alternative intent could have been reflected by imposing other deadlines, such as the petition filing date or the date of the initial plan filing, something Congress did not do. *Id.* The Trustee also disputes that the sole reason for the delay in confirmation of Ms. Robinson's original amended plan was the period of time between the amended IRS claim on June 20, 2019 and the Trustee's objection to confirmation based on a lack of feasibility, filed on December 26, 2019. The Trustee points to debtor's awareness of a feasibility problem before the IRS amended its claim, and debtor's own responsibility under §1325(a)(6) to ensure her plan is feasible.

Neither the debtor nor the Trustee presented any case law addressing the timing requirement as an eligibility factor for § 1329(d) plan extension, and instead relied on general statutory interpretation law.

All inquiries as to the plain meaning of a statute begin with the statutory text itself. *Ron Pair Enterprises*, 489 U.S. at 241. Here, as in the *Ron Pair* case, that is also the juncture at which the inquiry should end, because when the

text is plain, "the sole function of the courts is to enforce it according to its terms." *Id.* (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

The relevant phrase in § 1329(d)(1) is "[s]ubject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if— . . .". The CARES Act was enacted on March 27, 2020 and became effective on that date. Thus, the natural reading of the phrase is to refer to a specific group—plans confirmed before March 27, 2020. This reading also is supported by the grammatical structure and verb choice of the subsection. The phrase "for a plan confirmed prior to the date of enactment of this subsection" is set aside by commas. It stands in contrast to the language that follows, "the plan may be modified upon the request of the debtor if— . . ." because the latter employs a verb of discretion—"may be modified"—and then goes on to identify possible qualifying conditions for modification, while the former phrase is precise and limited—"a plan confirmed prior to the date of enactment of this subsection." This phrase plainly limits the § 1329(d)(1) modifications to plans confirmed before March 27, 2020.

Ms. Robinson argues that an exception to plain meaning is equitable, because to apply a literal reading of § 1329(d)(1) and deny her a modification—given a mere four day difference in confirmation and the effects of the COVID-19 pandemic on her financial affairs—would go against the intent of the Congressional drafters. The Supreme Court, while recognizing such an

interpretive exception, is careful to reserve it for the "rare case" or "rare exception." *Ron Pair Enterprises*, 489 U.S. at 242; *Griffin*, 458 U.S. at 571–72. To consider whether literally applying the date limitation would be "demonstrably at odds" with drafter intent, a court should consider whether the text of the CARES Act conflicts with other provisions of the Code (it does not), or with any important state or federal interest (none identified by debtor, or found by this Court). The debtor has not presented any legislative history of the CARES Act provision to suggest the date limitation is flexible, nor any other evidence that Congress did not mean what the text of the statutory phrase says. The Court finds that the text of 11 U.S.C. § 1329(d) is unambiguous, and so will end the inquiry and enforce the statute in accord with its plain meaning. *In matter Gibas*, 543 B.R. 570, 588 (Bankr. E.D. Wis. 2016) (citing *River Road Hotel Partners, LLC v. Amalgamated Bank (In re River Road Hotel Partners, LLC)*, 651 F.3d 642, 649 (7th Cir. 2011)).

Moreover, the debtor's "form over function" argument finds no purchase when one remembers that the Bankruptcy Code is replete with other hard deadlines. *See, e.g.*, *In re Long*, 603 B.R. 812 (Bankr. E.D. Wis. 2019) (ruling that failure to file income tax returns within the timing requirements of § 1308 is an incurable defect that prevents confirmation of a Chapter 13 plan); *In re Display Grp., Inc.*, No. 10-75502-AST, 2010 WL 4777550 (Bankr. E.D.N.Y. Nov. 16, 2010) (describing the specific deadlines for the debtor's exclusivity period under 11 U.S.C. § 1121(e) and the debtor's reporting requirements under § 1116); *Bergquist v. Vista Development, Inc. (In re Quality Pontiac)* 222 B.R.

865, 869 (Bankr. D. Minn. 1998) (explaining that the Code sets specific deadlines for trustee's avoiding powers in § 546(a)). When Congress sets a specific deadline, the "function" provided thereby includes allowing next steps in a bankruptcy case to proceed, enables assessment of the true scope of the case, and limits litigation as to timeliness and diligence. Such limits include arguments around the edges, such as the administrative time it may take a trustee's office to review and recommend plans for confirmation, versus, for instance, the time it takes a debtor to consider trustee concerns raised at the § 341 meeting and meet his or her own burden under § 1325(a)(6) to propose and properly serve a feasible plan. In contrast, when Congress intends the bankruptcy court to have discretion, it uses other terms, like "or as the court, in its discretion, orders." *See In re Gill*, 584 B.R. 63 (Bankr. W.D. Okla. 2018) (comparing plain, mandatory language of § 109(g)(2) with possible, but not used, discretionary alternatives).

This plain text reading of the eligibility period under § 1329(d) aligns with other courts which have recently interpreted this CARES Act amendment. *See In re Drews*, 617 B.R. 579, 580 (Bankr. E.D. Mich. 2020) (declining to extend the period of the debtor's plan under § 1329(d) where the debtor's plan was not confirmed prior to March 27, 2020); *In re Roebuck*, 618 B.R. 730, 733 (Bankr. W.D. Pa. 2020) (same); *In re Gilbert*, 2020 WL 5939097, at *3 (Bankr. E.D. La. Oct. 6, 2020) (finding that a debtor faces only two hurdles to modify a plan under § 1329(d): "(1) a debtor's plan must have been confirmed by March 27, 2020, and (2) a debtor must be 'experiencing or has experienced a material

financial hardship due, directly or indirectly, to' COVID-19."); *In re Consoella Randolph Fowler, In re Anbrial Alexis Lewis*, Nos. 16-31791-WRS and 19-32243-WRS, 2020 WL 6701366, at *4 (Bankr. M.D. Ala. Nov. 13, 2020) (same); *see also In re Katrina M. Bridges*, No. BR 19-31012, 2020 WL 6927557 (Bankr. S.D. Ill. July 30, 2020) (declining to use equitable powers of § 105(a) or *nunc pro tunc* authority to backdate a confirmation order so that debtor later may use the CARES Act to extend the length of her plan).

The Court is mindful of the added difficulties many debtors face as a result of the COVID-19 pandemic. Congress may not have fashioned the CARES Act amendments to the Code in a way that assists every debtor, but as the assistance it fashioned is writ in plain text, this Court must follow it.

Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's request to modify and extend her confirmed plan under 11 U.S.C. § 1329(d), filed August 7, 2020, is **DENIED**.

Dated: December 8, 2020

By the Court:

Beth E. Hanan
United States Bankruptcy Judge